## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

SBN V FNBC LLC                                                    CIVIL ACTION

VERSUS                                                                 No. 22-2853

DAMON J. BALDONE,                                          SECTION I
A PROFESSIONAL LAW CORPORATION

### ORDER & REASONS

Before the Court is a motion[1] for partial summary judgment and for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) filed by plaintiff, SBN V FNBC, LLC ("SBN"). Defendant Damon J. Baldone, A Professional Law Corporation ("Baldone") has filed no opposition to the motion. For the reasons that follow, the Court grants SBN's motion for partial summary judgment and denies the motion for entry of final judgment.

## I.  BACKGROUND

SBN is the holder of two promissory notes (the "Promissory Notes") executed by Baldone. Baldone executed the first note (the "9800 Note") on September 27, 2012 in favor of First NBC Bank ("First NBC") for the principal amount of $999,725, with a maturity date of March 21, 2017.[2] Baldone executed a Commercial Security Agreement ("Security Agreement 9800"), giving First NBC a security interest in certain collateral intended to secure payment of the indebtedness associated with the 9800 Note.[3]

---

[1] R. Doc. No. 23.
[2] R. Doc. No. 23-1, ¶¶ 1–2.
[3] *Id.* ¶ 3.

SBN is also the holder of another promissory note (the "7097 Note"), executed by Baldone in favor of First NBC on December 29, 2015 for the principal amount of $100,000, and with a maturity date of June 28, 2017.[4] Baldone executed a Commercial Security Agreement ("Security Agreement 7097"), giving First NBC a security interest in certain collateral intended to secure payment of the indebtedness associated with the 7097 Note.[5]

The default interest rate for the 9800 Note and the 7097 Note are 21% and 18%, respectively.[6] As of January 13, 2023, the loans underlying the 9800 Note and the 7097 Note had total balances of $2,131,703.50 and $195,816.67, respectively.[7] The total sum due on both the Promissory Notes is therefore $2,327,520.17.[8]

First NBC went into receivership on April 28, 2017.[9] The Federal Deposit Insurance Corporation ("FDIC"), as receiver for First NBC,[10] assigned the Promissory Notes to SBN on October 18, 2017.[11]

Pursuant to the terms of the Promissory Notes, the following constitute events of default: SBN demanded immediate payment of the Promissory Notes in full, but

---

[4] *Id.* ¶¶ 4–5.

[5] *Id.* ¶ 6.

[6] *Id.* ¶ 7. The relevant interest rates and interest calculation methods pertaining to the Promissory Notes are set forth on the first page of each note. R. Doc. No. 23-2, at 7, 24.

[7] R. Doc. No. 23-1, ¶ 8 (including principal and accrued interest).

[8] *Id; see also* R. Doc. No. 23-2, at 42–43.

[9] R. Doc. No. 23-1, ¶¶ 9–10; *see also* FED. DEPOSIT INS. CORP., *Failed Bank Information* (Jan. 29, 2019), https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/firstnbc.html.

[10] R. Doc. No. 23-2, at 45–46.

[11] R. Doc. No. 23-1, ¶ 11; R. Doc. No. 23-2, at 48–51.

such payments have not been made; (2) Baldone failed to make payments when due; and (3) the Promissory Notes have matured.[12]

Should any event of default occur, SBN has the right, pursuant to the terms of the Promissory Notes, to formally declare the notes in default, to accelerate the maturity, and to demand immediate payment in full of the outstanding unpaid principal balance and accrued interest, as well as reasonable attorney's fees, costs, and expenses.[13] SBN sent notices of default to Baldone on January 8, 2018.[14]

## II. STANDARD OF LAW

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. A genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material

---

[12] R. Doc. No. 23-1, ¶ 12; R. Doc. No. 23-2, at 7 (9800 Note) and 24 (7097 Note).
[13] R. Doc. No. 23-1, ¶ 13; R. Doc. No. 23-2, at 8 (9800 Note) and 25 (7097 Note). The Court has been informed by counsel for SBN that SBN will not seek payment of attorney's fees, costs, and expenses.
[14] R. Doc. No. 23-2, at 53–56.

fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . . the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (quotation omitted).

Unopposed motions for summary judgment "cannot be granted simply because there is no opposition, but a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *HomeLife in the Gardens, LLC v. Landry*, No. 16-15549, 2018 WL 341703, at *2 (E.D. La. Jan. 9, 2018) (Africk, J.) (quoting *Day v. Wells Fargo Bank N.A.*, 768 F.3d 435 (5th Cir. 2014) (per curiam)).

### III. ANALYSIS

#### A. Promissory Notes

"Under Louisiana law, '[w]hen signatures [on a promissory note] are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.'" *Bankers Tr. Co. v. Boydell*, 46 F. App'x 731, at *3 (5th Cir. 2002) (per curiam) (quoting *Am. Bank v. Saxena*, 553 So. 2d 836, 842 (La. 1989); citing La. Stat. Ann. §§ 10:3-301, 10:3-308(b)). Therefore, "a plaintiff establishes a prima facie case to enforce a promissory note when he 1) produces and presents the note into evidence; 2) shows it was signed by the defendant; 3) [shows] that the defendant has defaulted; and 4) as to an assignee, present[s] evidence of a

chain of assignments." *First NBC Bank v. Kirsch*, No. 16-04352, 2018 WL 5024074, at *3 (E.D. La. Oct. 17, 2018) (Feldman, J.) (quoting *Nat'l Collegiate Student Loan Tr. 2003-1 v. Thomas*, 129 So. 3d 1231, 1233–34 (La. App. 2 Cir. 2013)). Once plaintiff establishes a prima facie case, "the burden shifts to the defendant to submit evidence establishing a triable issue of fact on a bona fide defense." *Id.*[15]

SBN has attached the Promissory Notes as exhibits to this motion.[16] *Thomas*, 129 So.3d at 1234 (citing La. Stat. Ann. § 13:3733.1(G)(1)(d)). Both Promissory Notes are signed by Damon J. Baldone, as director of Baldone.[17] Pursuant to La. Stat. Ann. § 10:3-308, "[i]n an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings." By failing to file an opposition and specifically deny the authenticity of and the authority to make the signatures on the Promissory Notes, Baldone has admitted that the signatures are authentic and that Baldone had the authority to make the signatures.

SBN has provided affirmative evidence of Baldone's default on the Promissory Notes by producing SBN's letters demanding payment pursuant to the terms of the

---

[15] Because promissory notes present this "clear-cut and simple legal scheme, the Fifth Circuit has recognized that suits to enforce promissory notes are especially appropriate for disposition by summary judgment." *First NBC Bank v. Levy Gardens Partners 2007, LP*, No. 17-6652, 2019 WL 6770002, at *6 (E.D. La. Dec. 12, 2019) (Brown, C.J.) (internal quotation marks and alterations omitted) (quoting *Boydell*, 2002 WL 1973147, at *3); *see also FDIC v. Cardinal Oil Well Servicing Co., Inc.*, 837 F.2d 1369, 1371 (5th Cir. 1988) ("Typically, suits on promissory notes provide fit grist for the summary judgment mill.").

[16] *Id.* at 8 (9800 Note) and 25 (7097 Note).

[17] *Id.* at 8 (9800 Note) and 25 (7097 Note).

Notes,[18] providing a statement of the remaining amount due on the Notes,[19] and providing an affidavit of a person with personal knowledge that the facts alleged— including the allegations pertaining to Baldone's default—are true and correct.[20] Finally, SBN has provided evidence of the chain of assignments of the Promissory Notes.[21]

As SBN has established a prima facie case for the enforcement of Promissory Notes, the burden shifts to Baldone "to submit evidence establishing a triable issue of fact on a bona fide defense." *Kirsch*, 2018 WL 5024074, at *3. Baldone has filed no opposition to the motion for summary judgment and has not met its burden.[22] Accordingly, the Court will enter summary judgment in favor of SBN with respect to the Promissory Notes.

### B. Entry of Final Judgment Pursuant to Rule 54(b)

Federal Rule of Civil Procedure 54(b) permits the Court to enter "final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Williams v. Seidenbach*, 958 F.3d 341, 347 (5th Cir. 2020) (stating that the district court "should" enter a Rule 54(b) judgment provided "there is no just reason for

---

[18] *Id.* at 53–56.
[19] *Id.* at 42–43.
[20] *Id.* at 73–74.
[21] *Id.* at 48–51.
[22] SBN has included the facts relevant to this motion in its separate statement of material facts presenting no genuine issue, as required by Local Rule 56.1. R. Doc. No. 23-2, at 1–4. As Baldone has filed no opposition, and therefore has not controverted these facts, the Court deems them admitted for purposes of the motion pursuant to Local Rule 56.2.

delay") (quoting Fed. R. Civ. P. 54(b)). This rule "is an exception to the general rule that a final judgment is appealable only after the adjudication of the rights and liabilities of all parties to a proceeding." *Akeem v. Dasmen Residential, LLC.*, No. 19-13650, 2021 WL 4806913, at *1 (E.D. La. Oct. 14, 2021) (Ashe, J.).

Rule 54(b) judgments are disfavored and should be granted "only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal," and not "as a courtesy to counsel." *PYCA Inds., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). In considering such a motion, the district court must "weigh the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Loc. Union v. Continental Sprinkler Co.*, 967 F.3d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).

In order to properly enter a Rule 54(b) final judgment, two prerequisites must be met. First, the court must have fully disposed of one or more claims or parties. *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting Fed. R. Civ. P. 54(b)). Second, the court must determine that there is no just reason for delay. *Id.* at 740 n.1. This prerequisite is satisfied "only when there exists some danger of hardship or injustice through delay." *PYCA Inds., Inc.*, 81 F.3d at 1421.

As to the first prerequisite, the Court has made a final judgment as to SBN's claim regarding the Promissory Notes, and the Court will grant summary judgment in favor of SBN and against Baldone regarding those notes. As to the second

prerequisite, SBN argues that the preference against piecemeal appeals is not implicated here because its sole remaining claim alleging conversion is a "distinct and separate claim" from its claim pertaining to the Promissory Notes.[23] However, SBN does not argue—nor does the Court find—that there is a danger of denying justice by delay or a danger of hardship should the Court deny entry of final judgment. *Id*. As Rule 54(b) judgments are disfavored and should only be granted when such danger of hardship or injustice through delay exists, the Court cannot certify that there is "no just reason for delay." Fed. R. Civ. P. 54(b). For the reasons stated herein,

**IT IS ORDERED** that the motion for partial summary judgment is **GRANTED** as unopposed. Judgment shall be entered in favor of SBN and against Baldone in the amount of $1,099,725.00, which is the sum of $999,725.00 and $100,000.00 in principal on the 9800 Note and the 7097 Note, respectively; plus pre-default accrued and unpaid interest in the amount of $68,249.08; plus accrued and unpaid interest at the default rate of 21% for the 9800 Note and 18% for the 7097 Note from January 8, 2018 through the date this Judgment is signed, February 24, 2023. Post-judgment interest shall accrue at the rate provided pursuant to 28 U.S.C. § 1961, from the date this judgment is entered until paid in full. as set forth in greater detail in the Judgment issued on this date.

**IT IS FURTHER ORDERED** that SBN's motion for entry of final judgment pursuant to Rule 54(b) as to its claim regarding the Promissory Notes is **DENIED**.

---

[23] R. Doc. No. 23, ¶ 32.

New Orleans, Louisiana, February 24, 2023.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**